IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael E. Dale,                                Case No. 3:15CV1762

        Plaintiff

        v.                                     **ORDER**

Selene Finance LP, et al.,

        Defendants

This is a suit by a former homeowner, plaintiff Michael Dale, against a loan servicer, defendant Selene Finance LP, and the current owner of the home, defendant DLJ Mortgage Capital, Inc.

The defendants removed this case from state court on the basis of federal-question and, purportedly, diversity jurisdiction.

The notice of removal failed to establish diversity jurisdiction, as the defendants did not identify the citizenship of each of Selene Finance's general and limited partners. I therefore ordered the defendants to file a jurisdictional statement providing that information. *Dale v. Selene Fin. LP*, 2016 WL 737844 (N.D. Ohio).

The jurisdictional statement is now on file and it too fails to establish diversity jurisdiction.

The defendants represent that Selene has one general partner, Selene Ventures GP LLC, and one limited partner, Selene Ventures LLC. (Doc. 12 at 1). Each LLC, the defendants explain, is organized under Delaware law and has its principal place of business in Pennsylvania.

This information is beside the point. To determine the citizenship of an unincorporated entity like an LLC, one must know the citizenship of each member of the LLC. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities – of which a limited liability company is one – have the citizenship of each partner or member.").

As the Sixth Circuit explained nearly six-and-a-half years ago:

> [w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each "sub-member" as well. Indeed, if even one of [the defendant's] members – or one member of a member – were a citizen of Ohio, then complete diversity . . . would be destroyed.

*Id.*

Determining the citizenship of a limited partnership or an LLC is not a novel concept. The court expects the defendants' third attempt in this case at establishing diversity jurisdiction will resolve the matter for good.

It is, therefore,

ORDERED THAT: defendants submit, on or before March 18, 2016, an amended jurisdictional statement setting forth the citizenship of each member and submember, if any, of Selene Ventures GP LLC and Selene Ventures LLC.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge